The right of a criminal defendant to testify at his own trial is fundamental and personal to the defendant. See Ex parteMcWilliams, 640 So.2d 1015 (Ala. 1993); see also UnitedStates v. Teague, 953 F.2d 1525 (11th Cir.1992). UnderStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984), Reeves had the burden to prove both deficient performance on the part of his trial counsel in refusing to allow him to testify and prejudice resulting from that action. The record indicates that Reeves submitted several affidavits supporting his new-trial motion, but he did not submit an affidavit from his trial counsel or call his trial counsel to testify at the hearing on the new-trial motion. The State did not present any testimony from Reeves's trial counsel to refute his claims, and, for purposes of ruling on the motion, the trial court accepted as true the factual allegations made in the affidavits.
The trial court did state in its order that, even if counsel's refusal to allow Reeves to testify constitutes deficient performance under Strickland, no prejudice resulted:
 "The Court concludes, therefore, that the defendant's trial attorney did not provide ineffective assistance by preventing his client from testifying at trial. But even if he did violate the defendant's right to testify, such violation was harmless. During its case-in-chief, the State admitted into evidence the defendant's exculpatory written statement in which he denied committing the charged burglary. The defendant got his testimony presented to the jury without subjecting himself to cross-examination and the potential revelation of damaging information about his past conflicts and problems with his former wife."
(CR. 15.)
However, as the main opinion points out, Reeves's written statement was not conclusive. Reeves could have specifically told the jury that he did not enter the residence, and the jury would have had the opportunity to judge his credibility against that of the victim. Furthermore, Kim Simmons testified for the State that Reeves had stalked her and that a restraining order had been entered against him; therefore, the jury had already been apprised of the problems that Reeves had had with his former wife.
Based on the particular facts presented, and with the case in this posture, I have no alternative but to agree to reverse the trial court's judgment.